THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLINGO.COM LLC, <br><br>  Plaintiff, <br><br> v. <br><br> TEKNO PRODUCTS INC., <br><br>  Defendant. | No. 13-cv-2198 <br><br> COMPLAINT <br><br> JURY DEMAND |

In and for its Complaint, Plaintiff Clingo.com LLC ("Clingo") alleges as follows:

### I.     NATURE OF THE CASE

1.     This action arises from Tekno Products Inc.'s ("Tekno") infringement of Clingo.com LLC's design patent, U.S. Design Patent No. 654,493, in violation of the United States patent laws, 35 U.S.C. § 101 et seq.; and Tekno's acts of unfair competition in violation of 35 U.S.C. § 1125(a), including Tekno's intentional copying and use in commerce of Clingo's protected GripGo trade dress.

COMPLAINT (No. 13-cv-2198) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II.  PARTIES

2. Plaintiff Clingo.com LLC is a limited liability corporation organized under the laws of the State of Washington with a principal place of business at 5711 Barrett Road, Ferndale, WA 98248.

3. On information and belief, Defendant Tekno Products, Inc. is a corporation organized under the laws of the State of New Jersey with a principal place of business at 407 Harmon Cove Tower, No. 1, Secaucus, NJ, 07094, and with a registered agent for service of process of Narain Kurani, 407 Harmon Cove Tower, No. 1, Seacaucus, NJ 07094.

## III.  JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Clingo's claims pursuant to 28 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

5. This Court has personal jurisdiction over Tekno because Tekno has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. § 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold and/or distributed in the State of Washington, including in this District.  The acts by Tekno cause injury to Clingo, including in this District.  Upon information and belief, Tekno derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate commerce.

6. Venue is proper within this District under 28 U.S.C. §§ 1391(b), (c), 1400(a), (b) because Tekno transacts business within this District and distributes, sells, and offers for sale in this District products that infringe Clingo's design patent and trade dress, as described below.

COMPLAINT (No. 13-cv-2198) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## IV. BACKGROUND

7. Clingo is a company that set out to revolutionize mounting devices for smart phones. As part of its efforts, Clingo developed an elegant and novel design for a smart phone car mounting device. That design can be seen in paragraph 11 below, and is sold and advertised in the United States, including in this District, as "GripGo."

8. Clingo released its mounting device in 2010, and has received positive reviews from notable sources including the Los Angeles Times.

9. As a direct result of Clingo's innovative and distinctive design, the Clingo GripGo universal car mount became a significant success, and it became uniquely associated with Clingo as its source.

## V. CLINGO'S INTELLECTUAL PROPERTY RIGHTS

### *Clingo's Design Patent*

10. Clingo has protected its innovative design through a range of intellectual property rights. Among those rights is Clingo's design patent, U.S. Patent No. D654,493, a true and correct copy of which is attached as Exhibit A to this Complaint. Clingo owns all right, title, and interest in and to the '493 patent.

### *Clingo's Trade Dress*

11. Clingo's design is also protected as trade dress under federal law. Clingo's GripGo product is radically different from the devices that preceded it. It has a distinctive shape and appearance - a slightly curved arm that tapers to a joint where the arm rotatably attaches to a uniquely shaped mounting assembly. As shown below, the result is an elegant product that is more user-friendly and attractive than previously available smart phone car mounts. The GripGo design immediately became associated with Clingo.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Clingo's GripGo - Perspective View**



12. The GripGo product design referenced above contains elements that are ornamental and distinctive, and serve to identify Clingo as the source of the products. Moreover, none of the ornamental elements are functional.

13. Clingo also created elegant and distinctive packaging for its smart phone car mount products. The packaging features several depictions of the GripGo product in use, and prominently displays the elegant, consumer friendly design of the product. The packaging thus emphasizes the accessible nature of the product itself and entices consumers to pick up, inspect, and try the product.

COMPLAINT (No. 13-cv-2198) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

<sub>Case 2:13-cv-02198-TSZ   Document 1   Filed 12/09/13   Page 5 of 13</sub>



### VI. TEKNO'S INFRINGEMENT OF CLINGO'S INTELLECTUAL PROPERTY

14. Tekno has imported into and/or sold in the United States, including within this District, a "Dashboard Genie" Universal Car Phone Mount, which infringes Clingo's intellectual property rights.

15. Rather than innovate and develop its own product, Tekno chose to copy Clingo's product and packaging.

16. Tekno's product has an identical design to Clingo's GripGo product as shown in the following comparisons. Given the identical design, Tekno's product infringes Clingo's design patent, as well as Clingo's trade dress for the GripGo product.

COMPLAINT (No. 13-cv-2198) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| Clingo's GripGo - Perspective View | Tekno's Dashboard Genie - Perspect. View |
|---|---|



| Clingo's GripGo - Side View | Tekno's Dashboard Genie - Side View |
|---|---|



| Clingo's GripGo - Front View | Tekno's Dashboard Genie - Front View |
|---|---|



COMPLAINT (No. 13-cv-2198) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000



**Clingo's GripGo - Rear View** | **Tekno's Dashboard Genie - Rear View**

17. A comparison of the Dashboard Genie to the figures from '493 Patent reveals that Tekno infringes the ornamental design claimed in the '493 Patent.



**'493 Patent - Figure 1** | **Tekno's Dashboard Genie - Perspect. View**



**'493 Patent - Figure 3** | **Tekno's Dashboard Genie - Side View**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000





18. Tekno also copied various images of the GripGo product from Clingo's packaging, thereby creating a confusingly similar look and feel for its packaging, as shown below. As a result, Tekno's packaging for its Dashboard Genie product infringes Clingo's trade dress.

COMPLAINT (No. 13-cv-2198) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| Clingo's Packaging - Front View | Tekno's Dashboard Genie - Front View |
|---|---|
|  |  |಻

| Clingo's Packaging - Rear View | Tekno's Dashboard Genie - Rear View |
|---|---|



COMPLAINT (No. 13-cv-2198) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

19.  Tekno chose to infringe Clingo's patent and trade dress, through the design and promotion of its Dashboard Genie product, and it did so willfully to trade upon the goodwill that Clingo has developed in connection with the GripGo product.

### FIRST CLAIM FOR RELIEF

**(Design Patent Infringement - Infringement of '493 Patent)**

20.  Clingo incorporates and realleges paragraphs 1 through 22 of this Complaint.

21.  Tekno has infringed and continues to infringe the '493 Patent by using, selling, and/or offering to sell in the United States, and/or importing into the United States the Dashboard Genie Universal Car Mount, which embodies the design covered by the '493 Patent.

22.  Clingo has been and will continue to be irreparably harmed and damaged by Tekno's conduct, and Clingo lacks an adequate remedy at law to compensate for this harm and damage.

23.  Tekno has been aware of Clingo's design patent since at least October 2013, but has continued to sell and offer its products for sale. As a result, Tekno's infringement is and has been willful.

24.  Clingo has sustained damages as a direct and proximate result of Tekno's infringement of the '493 Patent, in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF

**(Trade Dress Infringement - Violation of 15 U.S.C. § 1125(a))**

25.  Clingo incorporates and realleges paragraphs 1 through 24 of this Complaint.

26.  Clingo is the owner of all right and title to the distinctive GripGo product design trade dress. The ornamental features of the GripGo product design have acquired secondary meaning and are not functional.

27.  Based on advertising, promotion, and sales throughout the United States, the GripGo product design trade dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Clingo as the source of these products.

COMPLAINT (No. 13-cv-2198) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

28. Clingo's promotion of the distinctive GripGo product design trade dress has resulted in Clingo's acquisition of valuable, legally protected rights in that trade dress, as well as considerable customer goodwill.

29. Tekno's Dashboard Genie has misappropriated the GripGo product design trade dress by copying that trade dress.

30. Tekno's manufacture and/or distribution of the Dashboard Genie with a product design and packaging that copy or mimic the GripGo product design is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of Tekno with Clingo, or as the to the origin, sponsorship, or approval by Clingo of Tekno's goods, services, or commercial activities.

31. Tekno's manufacture and/or distribution of the Dashboard Genie with a product design and packaging that copy or mimic the GripGo product design enables Tekno to benefit unfairly from Clingo's reputation and success, thereby giving Tekno's infringing products sales and commercial value they would not otherwise have.

32. Tekno's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

33. Tekno knew of Clingo's product design trade dress when it designed and/or distributed its Dashboard Genie product and packaging.  Tekno has refused to change its product or packaging in response Clingo's objections.  As a result, Tekno's infringement has been and continues to be intentional, willful and without regard to Clingo's product design trade dress.

34. Clingo has been and will continue to be irreparably harmed and damaged by Tekno's conduct, and Clingo lacks an adequate remedy at law to compensate for this harm and damage.

35. Clingo is informed and believes, and on that basis alleges, that Tekno has gained profits by virtue of its infringement of Clingo's GripGo product design trade dress.

COMPLAINT (No. 13-cv-2198) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

36.     Clingo has sustained damages as a direct and proximate result of Tekno's infringement of Clingo's GripGo product design trade dress in an amount to be proven at trial. Because Tekno's actions have been willful, Clingo is entitled to treble its actual damages or Tekno's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## JURY DEMAND

37.     Clingo demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Clingo prays for the following relief:

a.     A judgment that Tekno has infringed Clingo's design patent;

b.     An order and judgment preliminarily and permanently enjoining Tekno and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of Clingo's design patent;

c.     A judgment awarding Clingo all damages adequate to compensate for Tekno's infringement of Clingo's design patent, in an amount to be proven at trial, and in no event less than a reasonable royalty for Tekno's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

d.     A judgment awarding Clingo all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

e.     A judgment that Tekno has infringed Clingo's GripGo product design trade dress.

f.     An order and judgment preliminarily and permanently enjoining Tekno and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of Clingo's GripGo product design trade dress; from passing

COMPLAINT (No. 13-cv-2198) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

off Tekno's products as being associated with and/or sponsored by or affiliated with Clingo; from committing any other unfair business practices directed toward obtaining for Tekno the business and customers of Clingo; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Clingo;

      g.      A judgment awarding Clingo all damages adequate to compensate for Tekno's unfair business practices, including Tekno's infringement of Clingo's GripGo product design trade dress, in an amount to be proven at trial, and including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

      h.      Costs of suit and reasonable attorneys' fees;

      i.      Any other remedy to which Clingo may be entitled or which the Court may deem just and proper, including all remedies provides for in 15 U.S.C. § 1117.

DATED: December 9, 2013

By: s/ Kevin A. Zeck
Jerry A. Riedinger # 25828
Kevin A. Zeck #41689
Attorneys for Plaintiff Clingo.com, LLC
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KZeck@perkinscoie.com

COMPLAINT (No. 13-cv-2198) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000